IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LESLIE WILLIAMS,

             **Plaintiff,**

    **v.**                                       **1:13-cv-1899-WSD**

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

             **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Federal National Mortgage

Association's ("Defendant" or "Fannie Mae") Motion to Dismiss [11] Plaintiff

Leslie Williams's ("Plaintiff" or "Williams") Amended Complaint [7].

## I.    BACKGROUND

On July 28, 2004, Plaintiff obtained a loan from HomeBanc Mortgage

Corporation ("HomeBanc"), in the amount of $268,900.  (Am. Compl. ¶ 8).

Plaintiff executed, in favor of HomeBanc, a Security Deed to real property located

at 341 McCook Circle, Kennesaw, Georgia (the "Property").  (Id. & Ex. B).

On March 15, 2005,  HomeBanc assigned its rights under the Security Deed

to J.P. Morgan Chase Bank.  (Am. Compl. ¶ 10 & Ex. C). [1]

---

[1]    The Assignment was executed on March 15, 2005, and was recorded on

On August 13, 2008, J.P. Morgan Chase Bank assigned its rights under the Security Deed to Chase Home Finance LLC.  (Am. Compl. ¶ 12 & Ex. E).

On August 4, 2008, Chase Home Finance LLC assigned its rights under the Security Deed to Fannie Mae.  (Am. Compl. ¶ 11 & Ex. D).[2]

At some point, IBM Lender Business Process Services, Inc. ("IBM") became Plaintiff's loan servicer.  (Am. Compl. ¶ 15).

In 2011, Plaintiff defaulted on her loan obligations.  (Id. ¶ 13).

On June 27, 2011, Plaintiff received a Notice of Foreclosure Sale (the "Notice") from Johnson & Freeman LLC, stating that Plaintiff had defaulted on her loan obligations and that Fannie Mae, the holder of Plaintiff's loan and the Security Deed, would conduct a foreclosure sale of the Property on the first Tuesday in August, 2011.  (Am. Compl. ¶ 14 & Ex. F).  The Notice also states that Plaintiff can contact IBM "to discuss possible alternatives to foreclosure," and provides IBM's telephone number and address.  (Am. Compl. ¶ 15 & Ex. F).

On August 2, 2011, Fannie Mae sold the Property at foreclosure.  (Am. Compl. ¶ 17 & Ex. G).

---

October 14, 2005.  (Am. Compl. Ex. C).

[2]     The Court notes that the assignment from Chase Home Finance LLC to Fannie Mae occurred before Chase Home Finance LLC received its assignment of the Security Deed from J.P. Morgan Chase Bank.  In her Amended Complaint, Plaintiff does not challenge the validity of the assignment to Fannie Mae.

On August 3, 2012, Plaintiff filed her Complaint [1.1] in the Superior Court of Cobb County, Georgia, asserting state law claims against Fannie Mae for "wrongful foreclosure/breach of contract" and violations of O.C.G.A. §§ 44-14-162.2 and 44-14-162(b).  Plaintiff sought compensatory and punitive damages and attorney's fees and costs.

On May 7, 2013, Plaintiff filed her Amended Complaint [7].  Plaintiff asserts that Fannie Mae violated O.C.G.A. § 44-14-162.2 (Count I) and the Due Process Clause of the Fifth Amendment (Count II).  Plaintiff argues that the Notice was defective under O.C.G.A. § 44-14-162.2 because it only provided the contact information for IBM and, pursuant to the servicing agreement between Fannie Mae and IBM, Plaintiff asserts, IBM does not have the authority to negotiate, amend or modify the terms of Plaintiff's loan without permission from Fannie Mae and may do so only within the guidelines set by Fannie Mae.  Plaintiff argues also that Fannie Mae violated her due process rights by foreclosing on the Property without a hearing.  Plaintiff seeks either compensatory damages or reinstatement of her title to the Property, and attorney's fees and costs.

On June 6, 2013, Fannie Mae removed the Cobb County action to this Court based on federal question jurisdiction because Count II of Plaintiff's Amended Complaint asserts a claim for violation of the United States Constitution [1].

On June 13, 2013, Fannie Mae moved to dismiss Plaintiff's Amended Complaint for failure to state a claim.

## II.  DISCUSSION

### A.  Defendant's Motion to Dismiss

#### 1.  *Legal Standard*

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and

conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550

U.S. at 570).

### 2.    Analysis

Defendant argues that Plaintiff's federal due process claim in Count II of

the Amended Complaint should be dismissed because Fannie Mae is not a

government actor and thus the Due Process Clause does not apply to it.  Plaintiff

does not oppose, or otherwise respond to, Defendant's argument.  In her

Response, Plaintiff merely states that she "withdraws Count II (Violation of Due

Process)." [13 at 1].  Failure to respond to an opposing party's argument results in

abandonment of the claim.  See Bute v. Schuller Int'l, Inc., 998 F. Supp. 1473,

1477 (N.D.Ga. 1998) ("Because plaintiff has failed to respond to this argument or

otherwise address this claim, the Court deems it abandoned."); see also LR 7.1(B),

NDGa ("Failure to file a response shall indicate that there is no opposition to the

motion."). Plaintiff has abandoned her federal due process claim and this claim is

required to be dismissed.[3, 4]

> B.     Exercise of Supplemental Jurisdiction

Plaintiff's federal due process claim, now dismissed, was the only claim in

this action over which the Court had original subject matter jurisdiction. The

---

[3]     Even if the Court reached the merits of Defendant's argument, Count II would be required to be dismissed because Plaintiff fails to allege any facts to support her conclusory allegation that Fannie Mae is a government actor and courts have consistently found that Fannie Mae is not a government actor for purposes of a constitutional claim. See Public Util. Comm'n v. Pollak, 343 U.S. 451, 461 (1952) (Fifth Amendment restricts only the government and not private persons); Lebron v. Nat'l Passenger R.R. Corp., 513 U.S. 374, 400 (1995) (corporation is part of the government for purposes of a constitutional claim where "the [g]overnment creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation"); Roberts v. Cameron-Brown Co., 556 F.2d 356, 359 (5th Cir. 1977) (Fannie Mae is not a government actor subject to Fifth Amendment due process requirements in conducting non-judicial foreclosure sale, including because: in 1968, Congress specifically dissociated Fannie Mae from its previous government ownership and transferred it to private ownership; Fannie Mae maintains the capital structure of a privately-owned corporation; and because "although the regulating statutes impose certain obligations on [Fannie Mae], the federal government and [Fannie Mae] have not become so interdependent as to make its actions the actions of the federal government"); Herron v. Fannie Mae, 857 F. Supp. 2d 87 (D.D.C. 2012) (dismissing constitutional claim against Fannie Mae because it is not a government actor and finding that Fannie Mae was not converted into a government entity when it was placed into conservatorship by 2008 act authorizing Federal Housing Finance Agency to act as its conservator).

[4]     Because the Court declines to exercise supplemental jurisdiction over the remaining claims in this action, the Court does not consider Defendant's arguments for dismissal of Plaintiff's remaining claims.

remaining claims in this action involve only state law causes of action, over which

the Court may, but is not required to, exercise supplemental jurisdiction.  See

28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over

"claims that are so related to claims in the action within [the court's] original

jurisdiction that they form part of the same case or controversy").

The exercise of supplemental jurisdiction is discretionary.  See 28 U.S.C.

§ 1367(c); United Mines Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  A

district court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over
> which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has
> original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons
> for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this determination, the district court should

consider the factors articulated by the Supreme Court in Gibbs: judicial economy,

convenience, fairness to the parties, and whether all the claims would be expected

to be tried together.  Palmer v. Hosp. Auth., 22 F.3d 1559, 1569 (11th Cir. 1994)

(citing Gibbs, 383 U.S. at 725–26).

The Court has discretion to decline to exercise jurisdiction over this case

because, in dismissing the federal due process claim, the Court "has dismissed all claims over which it has original jurisdiction" and the remaining state law claims "substantially predominate" over the now-dismissed federal claim.  See 28 U.S.C. § 1367(c)(2)–(3); see also Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006) (explaining that a "federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case" (internal quotation omitted)); Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining that when "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction").

In considering the relevant Gibbs factors, the Court finds that judicial economy favors declining to exercise supplemental jurisdiction.  The Court has not expended considerable resources at this stage of litigation.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Lake Cnty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (remanding where the

federal court had not expended a significant amount of judicial labor).  Judicial

economy also favors the resolution in state court of state law disputes between in-

state defendants.  See Gibbs, 383 U.S. at 726 ("Needless decisions of state law

should be avoided both as a matter of comity and to promote justice between

parties, by procuring for them a surer-footed reading of applicable law."); see also

Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts,

not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga.

Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan 13,

2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of

Georgia law rather than to have federal courts do so, even when those federal

courts are in Georgia.").; cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d

1241, 1243–44 (11th Cir. 2007) (holding that, in non-removed cases, district court

must dismiss a federal question case if the plaintiff later drops its federal claims).

The convenience and fairness factors do not compel the Court to exercise its

supplemental jurisdiction.  The parties are not inconvenienced by being required to

litigate in the Superior Court of Cobb County, and there is no indication that

requiring them to litigate in state court is unfair to either party.  Applying the

factors in Gibbs, the Court declines to exercise supplemental jurisdiction over the

remaining state law claims, and remand is appropriate.  See Cook, 402 F.3d at

1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [11] is **GRANTED IN PART.**  Plaintiff's federal due process claim, asserted in Count II of her Amended Complaint, is **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Cobb County.

**SO ORDERED** this 24th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE